IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

WANDA GHOLSON,                          *

    Plaintiff,                          *
                             Case No. TJS-20-0226

v.                                      *

WASHINGTON METROPOLITAN AREA            *
TRANSIT AUTHORITY,
                                   *

    Defendant.
                 *     *     *     *     *     *

**MEMORANDUM OPINION**

Pending before the Court is Defendant Washington Metropolitan Area Transit Authority's ("WMATA") Motion for Summary Judgment ("Motion") (ECF No. 29).[1] Having considered the submissions of the parties (ECF Nos. 29, 32, & 33), I find that a hearing is unnecessary. Loc. R. 105.6.[2] For the following reasons, the Motion will be granted.

I.      **Background**

Plaintiff Wanda Gholson ("Gholson") filed a complaint against WMATA in the Circuit Court for Prince George's County, Maryland on December 16, 2019. ECF No. 3. On January 24, 2020, WMATA removed the case to this Court pursuant to the WMATA Compact, *see* Md. Code., Transp. § 10-204(81) (granting original jurisdiction over suits against WMATA to the United States District Courts). ECF No. 1.

---

[1] In accordance with 28 U.S.C. § 636(c), all parties have voluntarily consented to have the undersigned conduct all further proceedings in this case, including trial and entry of final judgment, and conduct all post-judgment proceedings, with direct review by the Fourth Circuit Court of Appeals, if an appeal is filed. ECF No. 16.

[2] WMATA's request the Court "treat WMATA's motion for summary judgment as conceded" because Gholson's response brief was late (ECF No. 33 at 2) is denied.

Under the WMATA Compact, WMATA is liable for torts that its employees commit "in the conduct of any propriety function, in accordance with the law of the applicable signatory (including rules on conflict of laws)." Md. Code, Transp. § 10-204(80); *see Robinson v. Washington Metro. Area Transit Auth.*, 774 F.3d 33, 38 (D.C. Cir. 2014). Maryland adheres to the *lex loci delicti* rule to determine the applicable law in tort actions. *Philip Morris Inc. v. Angeletti*, 358 Md. 689, 744 (2000). Under this rule, the "substantive tort law of the state where the wrong occurs governs." *Hauch v. Connor*, 295 Md. 120, 123 (1983). Because the alleged tort took place in Washington, D.C., the law of the District of Columbia governs Gholson's negligence claim.

The following facts are presented in the light most favorable to Gholson because she is the non-moving party. *Perkins v. Int'l Paper Co.*, 936 F.3d 196, 205 (4th Cir. 2019). On February 10, 2017, Gholson boarded a WMATA bus near her home to get to her job at the State Department in Washington, D.C. Gholson was a regular passenger on this bus route, having ridden the bus to and from work nearly every weekday for about 40 years. When it came time for her to deboard the bus, Gholson observed that the driver had not "knelt" the bus (kneeling a bus brings its boarding platform closer to the street or curb level). Typically, Gholson states, the bus would be knelt prior to her exiting the bus. Gholson did not wish to ask the driver to kneel the bus because the driver was talking to another patron, so she attempted to depart from the bus even though it had not been knelt. As she stepped down, Gholson's right knee buckled and gave out. She fell to the ground and suffered a torn ACL of the right knee. This lawsuit followed.

## II.    Analysis

### A.    Legal Standard

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R.

Civ. P. 56(a). The burden is on the moving party to demonstrate the absence of any genuine dispute of material fact. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970). If sufficient evidence exists for a reasonable jury to render a verdict in favor of the party opposing the motion, then a genuine dispute of material fact is presented and summary judgment should be denied. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). However, the "mere existence of a scintilla of evidence in support of the [opposing party's] position" is insufficient to defeat a motion for summary judgment. *Id.* at 252.

The facts themselves, and the inferences to be drawn from the underlying facts, must be viewed in the light most favorable to the opposing party. *Scott v. Harris*, 550 U.S. 372, 378 (2007); *Iko v. Shreve*, 535 F.3d 225, 230 (4th Cir. 2008). A party may not rest upon the mere allegations or denials of its pleading but instead must cite to "particular parts of materials in the record" or "show[] that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1). Supporting and opposing affidavits are to be made on personal knowledge, contain such facts as would be admissible in evidence, and show affirmatively the competence of the affiant to testify to the matters stated in the affidavit. Fed. R. Civ. P. 56(c)(4).

**B.   Negligence**

In the District of Columbia, the "plaintiff in a negligence action bears the burden of proof on three issues: 'the applicable standard of care, a deviation from that standard by the defendant, and a causal relationship between that deviation and the plaintiff's injury.'" *Toy v. Dist. of Columbia*, 549 A.2d 1, 6 (D.C. 1988) (quoting *Meek v. Shepard*, 484 A.2d 579, 581 (D.C. 1984)). "Thus, at the outset, to establish a prima facia negligence case, the plaintiff must prove that the defendant deviated from the applicable standard of care." *Id.* Where the alleged negligent act is

3

"within the realm of common knowledge and everyday experience," expert testimony regarding the applicable standard is not required. *Id.* (quoting *Dist. of Columbia v. White*, 442 A.2d 159, 164 (D.C. 1982)). But where the "subject presented is so distinctly related to some science, profession, or occupation as to be beyond the ken of the average layperson," a plaintiff is required to put on expert testimony. *Id.* (internal quotation omitted); *Hughes v. Dist. of Columbia*, 425 A.2d 1299, 1303 (D.C. 1981) ("Absent such testimony, the jury will be forced to engage in idle speculation which is prohibited."). A plaintiff's failure to prove a standard of care is fatal to a negligence claim. *Scott v. Dist. of Columbia*, 101 F.3d 748, 757 (D.C. Cir. 1996) (citing *Dist. of Columbia v. Carmichael*, 577 A.2d 312, 314 (D.C. 1990)).

"When expert testimony is required, the expert must identify a 'concrete standard upon which a finding of negligence could be based.'" *Robinson v. Washington Metro. Area Transit Auth.*, 858 F. Supp. 2d 33, 39-40 (D.D.C. 2012) (quoting *Dist. of Columbia v. Carmichael*, 577 A.2d 312, 315 (D.C. 1990)). Further, "the expert must clearly relate the standard of care to the practices in fact followed by other comparable governmental facilities or to some standard nationally recognized by such units." *Clark v. Dist. of Columbia*, 708 A.2d 632, 635 (D.C. 1997). "Neither personal opinions nor unsupported generalizations provide a permissible basis for the expert's articulation of the applicable standard of care." *Robinson*, 858 F. Supp. 2d at 39-40 (citing *Travers v. Dist. of Columbia*, 672 A.2d 566, 569 (D.C. 1996); *Messina v. Dist. of Columbia*, 663 A.2d 535, 538 (D.C. 1995)).

"[W]here a plaintiff seeks to establish standards regarding the specific procedures that public transit bus operators should follow—as in this case—a plaintiff must present expert testimony, as the standards governing the operation of city buses are distinctly related to an occupation that is beyond the ken of the average layperson." *Robinson v. Washington Metro. Area*

*Transit Auth.*, 941 F. Supp. 2d 61, 67 (D.D.C. 2013) (internal quotation omitted), *aff'd*, 774 F.3d 33 (D.C. Cir. 2014). If a plaintiff "fails to present sufficient evidence to establish the applicable standard of care, the trial court must direct a verdict for the defendant." *Id.* (quoting *Toy*, 549 A.2d 1, 6 (D.C. 1988); *see also Casey v. McDonald's Corp.*, 880 F. 3d 564, 569 (D.C. Cir. 2018) (explaining that a plaintiff "must show that the defendant violated a national standard of care").

In this case, Gholson has not presented expert testimony regarding the standard of care that applies to WMATA's alleged negligence. Such testimony is required under District of Columbia law because whether a bus is required to "kneel" when allowing passengers to deboard is "beyond the ken of the average layperson." *Robinson*, 941 F. Supp. 2d at 67; *see also Bush v. Washington Metro. Area Transit Auth.*, No. 19-930 (JEB), 2020 WL 921419, at *4 (D.D.C. Feb. 26, 2020) (holding that a plaintiff must provide expert testimony to establish the standard of care of a MetroAccess driver when allowing a passenger to deboard).

The Court rejects Gholson's argument that expert testimony is not required because "[i]t is common knowledge that WMATA buses stop along the curb at their marked bus stops" and "can be knelt when they are unable to stop along the curb." ECF No. 32-1 at 7. WMATA's individual practices do not establish the "national standard of care" required under District of Columbia law. *See Robinson*, 941 F. Supp. 2d at 67-68 (explaining that evidence of WMATA's policies and practices, on their own, is "insufficient to establish a national standard of care or to show that WMATA's policies reflect such a national standard"). Further, Gholson concedes that "[t]he steps necessary to put a bus into motion and the standards that drivers must follow when operating a bus are clearly outside the knowledge of the average layperson." *Id.* If this is so, then whether and under what circumstances a bus driver must kneel a bus to allow passengers to deboard is also outside the knowledge of the average layperson.

The Court also rejects Gholson's attempt to align this case with *Mido v. Washington Metro. Area Transit Auth.*, No. TJS-19-1037, 2021 WL 915431, at *3 (D. Md. Mar. 10, 2021). The Court's decision in *Mido* was governed by Maryland law, which has different standards regarding the duty of care a common carrier owes to passengers and the manner by which a plaintiff may establish such standard of care. This case is controlled by District of Columbia law, which requires Gholson to establish the national standard of care with expert testimony.

Because Gholson has failed to establish the applicable standard of care with expert testimony, the Court must enter summary judgment in favor of WMATA. The Court declines to address WMATA's arguments regarding assumption of risk and contributory negligence.

### C.      Request for Leave to Retain Expert

Gholson's request for "leave to retain an expert" (ECF No. 32-1 at 10) is denied because Gholson has not demonstrated good cause to reopen discovery and has provided no explanation for her failure to designate an expert by the deadlines set forth in the Court's scheduling order (*see* ECF Nos. 23, 25 & 27).

## III.    CONCLUSION

For the reasons set forth above, WMATA's motion for summary judgment (ECF No. 29) is **GRANTED**. An accompanying Order follows.

September 14, 2021                                  _____/s/_____
Date                                               Timothy J. Sullivan
                                                   United States Magistrate Judge